# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | | |
|---|---|---|
| **RONNIE RUSHING** | * | **DOCKET NO.  07-0379** |
| | | |
| **VERSUS** | * | |
| | | |
| **MICHAEL J. ASTRUE,** | * | **MAGISTRATE JUDGE HAYES** |
| **COMMISSIONER, SOCIAL** | | |
| **SECURITY ADMINISTRATION** | | |

## MEMORANDUM RULING

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits.  Pursuant to 28 U.S.C. § 636(c)(1) and with the consent of all parties, the district court referred the above-captioned matter to the undersigned magistrate judge for the administration of proceedings and entry of judgment.  For the reasons assigned below, the decision of the Commissioner is **REVERSED** and the matter **REMANDED** for further proceedings.

### Background & Procedural History

Ronnie Rushing previously filed applications for Disability Insurance Benefits and Supplemental Security Income payments on February 20, 2003.  (Tr. 12).  The applications were denied by an Administrative Law Judge ("ALJ") on June 5, 2004, and further review was denied by the Appeals Council.  *Id.*   Thereafter, Rushing filed the instant applications for Disability Insurance Benefits and Supplemental Security Income payments on August 2, 2004.  (Tr. 53-55, 159-161).  He alleged disability since December 15, 2002, due to stroke, back pain, leg pain, shortness of breath, high blood pressure, blocked arteries, and left-sided weakness.  (Tr. 53, 13).  The claims were denied at the initial stage of the administrative process.  (Tr. 23, 42-45, 163).  Thereafter, Rushing requested and received an August 10, 2005, hearing before an ALJ.  (Tr.

164-172).  However, in a February 16, 2006, written decision, the ALJ determined that Rushing

was not disabled under the Act, finding at Step Five of the sequential evaluation process that he

was able to make an adjustment to work that exists in substantial numbers in the national

economy.  (Tr. 9-18).  Rushing appealed the adverse decision to the Appeals Council.  On

January 21, 2007,  the Appeals Council denied Rushing's request for review, and thus the ALJ's

decision became the final decision of the Commissioner. (Tr. 5-7).

On March 1, 2007, Rushing sought review before this court.  He alleges that the

Commissioner's Step Three determination that his cardiovascular impairments do not meet or

equal Listing 4.04 is not supported by substantial evidence.

### Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the

ALJ's determination, and (2) whether the decision comports with relevant legal standards.  *Villa

v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).  Where the Commissioner's decision is

supported by substantial evidence, the findings therein are conclusive and must be affirmed.

*Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's decision is not supported

by substantial evidence when the decision is reached by applying the improper legal standards.

*Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986).  Substantial evidence is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v.

Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a

preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion."  *Muse v. Sullivan*, 925 F.2d 785, 789

(5th Cir. 1991).  Conversely, a finding of no substantial evidence is proper when no credible

medical findings or evidence support the ALJ's determination.  *Johnson v. Bowen*, 864 F.2d 340,

343-44 (5th Cir. 1988).  The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary.  *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## Determination of Disability

Pursuant to the Social Security Act (the "Act"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability.  *See* 42 U.S.C. § 423(a)(1)(D).  The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).   Based on a claimant's age, education, and work experience, the Act utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work.  *See* 42 U.S.C. § 423(d)(2)(A).  Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the Act.  *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The steps are as follows,

(1)    An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2)    An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.

(3)     An individual whose impairment(s) meets or equals a listed impairment in

3

[20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4)     If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

(5)     If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

*See, Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001);  20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).  When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated.  *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).  If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis.  *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

The ALJ found at Step Two of the sequential evaluation process that Rushing suffered from severe impairments of hypertension; status post cerebrovascular accident; status post back surgery; status post right ankle fracture; and coronary artery disease, with status post heart catheterization.  (Tr. 14, 17).  However, the ALJ concluded that these impairments were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4, at Step Three of the process.  *Id*.

The ALJ is required to discuss the evidence and explain the basis for his findings at each unfavorable step of the sequential evaluation process.  *Audler v. Astrue*, 501 F.3d 446, 448 (5th

4

Cir. 2007) (citing 42 U.S.C. § 405(b)(1)).  The instant ALJ's cursory findings at Step Three did not adequately explain the reasons for his determination.  *Audler, supra*.  Nonetheless, this omission does not require remand unless the claimant's "substantial rights" were affected.  *Id*.[1] A claimant's substantial rights are affected at Step Three when she demonstrates that she meets, or at least appears to meet, the requirements for a Listing.  *See, Audler, supra*.

Plaintiff contends that his impairment meets Listing 4.04 for ischemic heart disease.  On January 13, 2006, the Social Security Administration revised its medical criteria for evaluating cardiovascular impairments, with an effective date of April 13, 2006.  71 FR 2312.  The revised criteria added a new listing 4.04B criterion. The new criterion permits a claimant to meet a listing if he suffers "three separate ischemic episodes, each requiring revascularization (angioplasty or bypass surgery) or not amenable to revascularization, within a consecutive 12-month period."  71 FR 2312.[2]

Plaintiff adduced evidence that he met Listing 4.04B.  He has coronary artery disease; he is on a regimen of prescribed treatment; and he experienced three separate ischemic episodes in a 12 month period, each requiring angioplasty.  *See*, Paragraph 4.00 and Listing 4.04 (Tr. 116, 138,

---

[1]  In other words, the ALJ's error may be harmless.  *Audler, supra*. (citing *Morris v. Bowen*, 864 F.2d 333, 334 (5th Cir. 2007)).

[2]  Listing 4.04 as revised:
Ischemic heart disease, with symptoms due to myocardial ischemia, as described in 4.00E3-4.00E7, while on a regimen of prescribed treatment (see 4.00B3 if there is no regimen of prescribed treatment), with one of the following:

*        *        *

B. Three separate ischemic episodes, each requiring revascularization or not amenable to revascularization (see 4.00E9f), within a consecutive 12-month period (see 4.00A3e).
20 C.F.R. Pt. 404, Subpt. P, App. 1

144).  Indeed, the Commissioner does not argue before the court that plaintiff does not meet Listing 4.04B, as revised.  Rather, the Commissioner contends that plaintiffs' claims were properly denied under the prior version of the Listing.

Under the terms of the implementing announcement, the Commissioner began to use the revised rules in its determinations or decisions as to claims pending on the effective date of the revision, April 13, 2006.  71 FR 2312.  However, with respect to claims in which the Commissioner rendered a final decision and that are pending judicial review in federal court, the implementing announcement anticipated that the "court's review of the Commissioner's final decision would be made in accordance with the rules in effect at the time of the administrative law judge's (ALJ) decision, if the ALJ's decision is the final decision of the Commissioner."  *Id.*

In the instant case, the ALJ rendered his decision prior to the effective date of the amended regulations.  However, the Appeals Council's decision in this matter did not issue until more than nine months after the effective date.  (Tr. 5-7).  It is important to emphasize that at the time the amended regulation came into effect, the Commissioner had not yet rendered a final decision.  Although, the ALJ's decision ultimately became the Commissioner's "final decision" after the Appeal Council denied review, the Fifth Circuit has recognized that a denial of review by the Appeals Council forms part the Commissioner's final decision.  *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005).  Indeed, in its decision denying review, the Appeals Council unequivocally stated that it "applied the laws, regulations and rulings *in effect* as of the date [it] took this action."  (Tr. 5) (emphasis added).  At least one other court has applied an amended version of regulations that became effective between the time of the ALJ's decision and the Appeals Council's determination.  *Abrams v. Barnhart*, 2002 WL 1204954 (N.D. Ill. 6/5/2002).

6

In sum, the Commissioner's final decision in this matter did not state any reason for the adverse Step Three determination.  Absent some explanation from the Commissioner to the contrary, plaintiff has made a *prima facie* showing that he meets all of the requirements for Listing 4.04, and therefore his substantial rights were affected by the Commissioner's failure to explain his Step Three determination.  *Audler, supra*.  Reversal and remand for further proceedings is required.  *Id.*[3]

For the foregoing reasons,

The **Commissioner's decision is REVERSED, and the matter REMANDED for further proceedings in accordance with this opinion.**

THUS DONE AND SIGNED, in Monroe, Louisiana, on the 19th day of February, 2008.


KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[3]  The courts enjoy the authority to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. §405(g).  When reversal is warranted,  the matter is remanded with instructions to make an award only if the record enables the court to conclusively determine that the claimant is entitled to benefits.  *See, Ferguson v. Heckler*,  750 F.2d 503, 505 (5th Cir. 1985).  In *Audler*, the Fifth Circuit reversed and remanded the matter for further proceedings due to the Commissioner's prejudicial failure to explain his Step Three determination.  *Audler, supra*.  The same circumstances compel remand here.

7