# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | | |
|---|---|---|
| **RONNIE RUSHING** | * | **CIVIL ACTION NO. 07-0379** |
| **VERSUS** | * | |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM RULING

Before the court is plaintiff's Motion for Approval of an Attorney Fee Pursuant to 42 U.S.C. § 406(b) [doc. # 25].[1] The Commissioner has filed a response suggesting that counsel's fee request may result in a windfall. [doc. # 27].[2] The matter is now before the court.[3]

Section 406(b) provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such

---

[1] Pursuant to 28 U.S.C. § 636(c)(1) and with the consent of all parties, the district court referred the above-captioned matter to the undersigned magistrate judge for the administration of proceedings and entry of judgment.

[2] Although the Commissioner has no direct financial interest in the § 406(b) award, he acts as a trustee on behalf of the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 798, n 6, 122 S.Ct. 1817 (2002).

[3] The instant motion is arguably untimely. *See*, *Pierce v. Barnhart*, 440 F.3d 657, 663-664 (5th Cir. 2006); Fed.R.Civ.P. 54(d)(2). However, in another similarly postured case, plaintiff's counsel explained why he waited to file his motion for § 406(b) fees. *See, Mason v. Astrue*, Civil Action Number 05-2134, doc. # 24 (W.D. La. 6/19/07). As in *Mason*, the court finds that counsel has satisfied the "excusable neglect" exception set forth in Federal Rule of Civil Procedure 6(b)(2). *See, Texas Soil Recycling, Inc. v. Intercargo Ins. Co.*, 2003 WL 21756344 (5th Cir. 2003) (unpubl.) (citing Fed.R.Civ.P. 6(b)(2)).

representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(I) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C.§ 406(b).

In their § 406(b) analysis, the district courts are required to review contingent fee agreements to assure that they are reasonable under the circumstances. *Gisbrecht, supra*. For fees within the 25 percent boundary, the burden remains with the claimant to show that "the fee sought is reasonable for the services rendered." *Id*.

The instant plaintiff obtained a favorable judgment that reversed and remanded the matter for further proceedings. (February 19, 2008, Judgment). Upon remand, the Commissioner awarded plaintiff past benefits totaling $ 55,114.10. (SSA Notice of Award; Exh. to John Ratcliff Affidavit).[4] Plaintiff's counsel seeks to recover 25 percent ($ 13,774.25) of the past due benefit award as a reasonable fee for representation before this court.

The court's analysis begins with the fee agreement. *Gisbrecht, supra*. Counsel submitted a February 28, 2007, Social Security Disability Benefit Retainer Agreement (AC-DCt)

---

[4] Plaintiff's counsel personally calculated the amount of the past due benefits as $57,450.90. *Id*. Counsel's figures assume that past due benefits were owed through December 2008. *Id*. However, the Commissioner has pointed out that the appropriate period only extended through October 8, 2008, – the date of the ALJ's favorable decision. (Comm. Resp., pg. 2 n1). Omitting the claimant's November to December 2008 benefits from the past due benefits calculation results in a past due benefits award of approximately $ 55,114.10. Twenty-five percent of this sum equals $ 13,778.53 which closely approximates the $ 13,774.25 in past due benefits that the Commissioner withheld to pay counsel's approved fee in this case. (SSA Notice of Award, pg. 3; Exh. to John Ratcliff Affidavit). In fact, despite his higher calculations premised upon a past due benefits award through December 2008, counsel only seeks to recover $ 13,774.25, – the amount actually withheld by the Commissioner for an attorney fee in this case. (Ratcliff Affidavit).

2

("Contract") that was signed by plaintiff and his counsel. (Exh. to John Ratcliff Affidavit). The Contract provides that counsel will receive 25 percent of the past-due benefits resulting from a favorable resolution of plaintiff's claims. *Id.*

Under *Gisbrecht*, the court must also determine whether the fee specified in the agreement is reasonable. *Gisbrecht, supra*. Fees may be reduced based upon the character of the representation, the results achieved, delay by the attorney, or if the benefits are large in comparison to the amount of time spent on the case. *Gisbrecht, supra*.

Here, plaintiff's counsel obtained a favorable outcome, with no indication of undue delay on his part. In his supporting affidavit, plaintiff's counsel averred that he spent 19.50 hours representing his client before the court, plus an additional 6.60 hours representing the claimant before the Commissioner. (Ratcliff Affidavit). However, the invoice attached to counsel's affidavit indicates that he spent only 16.4 hours prosecuting this matter in federal court. (March 11, 2009, Invoice, Exh. to Ratcliff Aff.). Moreover, in its assessment of 406(b) fees, the court may not consider time spent by counsel in administrative proceedings before the Commissioner. *Brown v. Sullivan*, 917 F.2d 189, 191 (5th Cir. 1990), abrogated on other grounds by *Gisbrecht v. Barnhart, supra* .

Thus, if plaintiff's counsel were to receive his requested amount as allowed under the Contract ($ 13,774.25) then he will have been compensated at an hourly rate of $ 839.91 ($13,774.25/16.4 hrs). In this matter, plaintiff's counsel averred that he no longer billed by the hour, but that he formerly charged $ 180.00 per hour.[5] Counsel's requested fee award in this case

---

[5] *See*, EAJA application, Ratcliff Affidavit [doc. # 21]. Relying upon counsel for plaintiff's March 2009 invoice, the Commissioner asserts that counsel's normal fee rate is $150/hr. It is manifest, however, that counsel included the $ 150/hr. rate in his itemization of

would result in an hourly rate 4.66 times greater than his ordinary billing rate.  Although on the high end, this multiplier is within the range of awards upheld by this and other courts.  *See, Randolph v. Astrue*, Civil Action No. 05-1692 (W. D. La. 6/27/2007) (fee award reduced to five times normal billing rate); *Ellick v. Barnhart*, 445 F. Supp. 2d 1166 (C.D. Cal. 2006) (and cases cited therein), *but cf. Jeter v. Astrue*, Civil Action No. 06-0081 (W. D. La.) (award reduced to 2.5 times counsel's ordinary billing rate).

Upon due consideration of the foregoing circumstances, the court finds that counsel's requested fees pursuant to the Contract are not unreasonable.  Accordingly, by separate order, the court will grant plaintiff's Motion for Approval of an Attorney Fee Pursuant to 42 U.S.C. § 406(b) [doc. # 25] and award fees in the amount of $ 13,774.25, subject to counsel's obligation to refund to his client previously awarded EAJA fees in the amount of $ 2,050.00.  *See*, June 16, 2008, Order; *Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988) (and cases cited therein) (counsel must return the smaller of two fee awards).

THUS DONE AND SIGNED at Monroe, Louisiana, this 14th day of April, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

hours to reflect the court's recent increase of the EAJA hourly rate.  *See, Williams v. Astrue*, Civil Action No. 07-2124 (W. D. La.).  Indeed, in counsel's EAJA fee petition in this case, his itemization of hours listed an hourly rate of $ 125 – the maximum rate previously allowed by this court.  *See*, EAJA application, Ratcliff Affidavit, Attach. [doc. # 21].